# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TION S. KIMBROUGH,

    Petitioner,

v.                                  CASE NO. 19-3160-JWL

(FNU) ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is incarcerated with the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Leavenworth, Kansas ("USPL"). Petitioner challenges the calculation of his federal sentence. The Court issued an Order to Show Cause (ECF No. 3), Respondent filed an Answer and Return (ECF No. 6), Petitioner filed a Traverse (ECF No. 7) and a supplement to his Traverse (ECF No. 11), and the matter is ready for resolution. The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

## I. Factual Background

Petitioner was arrested and questioned in Richmond, Virginia, on January 8, 2009, in relation to a home invasion. In the course of the interrogation, Mr. Kimbrough confessed to robbing two banks in Richmond on January 5, 2009, and December 19, 2008. He was originally charged with the state offenses of bank robbery, use of a firearm, and armed statutory burglary. After discussions between federal and state prosecutors, a decision was made to file federal charges

against Petitioner for the bank robberies and to allow the burglary and firearm charges to proceed in state court.

On January 13, 2010, Petitioner entered a plea in the Circuit Court of Richmond, Virginia. He was sentenced to 20 years for the state offenses, with 10 years suspended and 1 year of active incarceration to run concurrently with any time Petitioner might receive on the federal charges. The state prosecutor represented that she had spoken with the federal prosecutor, and they agreed to the terms of the plea.

While in state custody serving his state sentence, Mr. Kimbrough was transferred to federal custody pursuant to a writ for prosecution of the federal charges against him. In October of 2014, Petitioner pled guilty in the U.S. District Court for the Eastern District of Virginia to one count of bank robbery and was sentenced to 75 months imprisonment, to run consecutive to the state term of imprisonment. In response to the Presentence Report, Petitioner filed a position on sentencing, making the court aware of the state court's sentencing order and asking that the federal court impose one year of the federal sentence concurrent with the state sentence. The federal court refused. Petitioner was returned to state custody on October 28, 2014, and the federal judgment was placed as a detainer with the State of Virginia.

Mr. Kimbrough next filed a motion in state court requesting the court modify its judgment to reflect a sentence of 20 years with all but 9 years suspended, rather than the original 10 years of imprisonment. Instead, the state court issued an order stating that "one year of defendant's active sentence in state case number CR-09-1822 shall run concurrent to the sentence imposed in United States District Court . . . ." ECF No. 1-1, at 19.

In spite of the state court's order that the last year of Petitioner's state sentence should run concurrent to the federal sentence, the BOP refused to pick Petitioner up until he completed his

entire 10-year state sentence based on the federal court's order that his federal sentence run consecutive to the state sentence.

Petitioner filed a motion with the federal sentencing court for reconsideration and modification of sentence on June 6, 2016, asking that his federal sentence commence with one year of the state sentence remaining so that the two sentences could run concurrently for that year, as the state judge intended. The U.S. Attorney ultimately did not oppose the motion. The federal court denied Petitioner's motion, noting that it was aware of the state court's order when imposing the federal sentence and that there was no Rule 36 "clerical error" for the court to correct. ECF No. 6-1, at 30.

On February 12, 2018, Mr. Kimbrough completed his 10-year state sentence and was released to federal custody.

Petitioner filed a prior § 2241 action in the Northern District of West Virginia on August 15, 2018. *See* Case No. 18-cv-00133-FPS-JPM, N. Dist. of W. Virginia. That case was dismissed without prejudice in January of 2019 for failure to exhaust administrative remedies.

Mr. Kimbrough began the administrative remedy process on November 15, 2018, by filing a Request for Administrative Remedy asking the BOP to provide him credit under 18 U.S.C. § 3621(b) toward one year of his federal sentence based on the state court order. *See* ECF No. 1-1, at 7, 14. He requested that the BOP designate the state facility *nunc pro tunc*. Petitioner's request was denied at each level, with the BOP Central Office denial occurring on May 9, 2019. *See* ECF No. 1-1, at 2. Respondent acknowledges that Petitioner has exhausted his administrative remedies. *See* ECF No. 6, at 3.

**II. Analysis**

The issue presented is variously described as whether "Petitioner is entitled to a writ of

habeas corpus for a nunc pro tunc designation of (Indian Creek Correctional Center State Prison) as place of incarceration for federal sentence, as state sentencing court had requested 2 different times to run concurrently" (ECF No. 11, at 5) or "whether one year of Petitioner's federal sentence should be run concurrently with the state sentence he served and completed in Virginia" (ECF No. 6, at 2).

Because this is a §2241 petition, the question that must be asked is whether Petitioner is currently "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). More specifically to this case, the question is whether the sentence calculated by the BOP violates the Constitution or federal law. The Court finds it does not.

Calculation of a federal prisoner's sentence (including its commencement date and any credits for custody before the sentence is imposed) is governed by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Here, the federal sentencing court specified that Petitioner's federal sentence was to run consecutive to his state sentence.[1] "Judges have long been understood to have discretion to select

---

[1] This is also the default result under the law. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012) (*citing see Oregon v. Ice,* 555 U.S. 160, 168–169 (2009)). Therefore, although Petitioner was sentenced by the federal court in October of 2014, the BOP determined that his federal sentence did not commence until the day he was received into federal custody in February of 2018, as provided by 18 U.S.C. § 3585(a). While Petitioner sought credit for one year of his time spent in state custody, 18 U.S.C. § 3585(b) provides that such credit is available only if that time "has not been credited against another sentence." Because all of the time Mr. Kimbrough served in state custody was credited against his state sentence, the BOP properly denied his request. *See McCarthy v. (FNU)(LNU), Warden*, 168 F. App'x 276, 277 (10th Cir. 2006) (finding that because the petitioner received state credit for the time he served in the state prison and because the federal district court did not order the federal sentence to be served concurrently with any state sentence, the petitioner did not deserve federal credit for his time spent in state custody, pursuant to 18 U.S.C. § 3585(b)).

However, Petitioner could still obtain relief from the BOP by seeking *nunc pro tunc* designation, which is exactly what he attempted to do. Through caselaw applying 18 U.S.C. § 3621(b), the BOP has acquired the discretionary power to make a *nunc pro tunc*—i.e., retroactive—designation of a state facility as the official place of imprisonment for a prisoner who has served or is serving time in state custody, allowing the prisoner to gain credit against his federal sentence for the time he served there, effectively reducing the length of his federal sentence. *See generally Barden v. Keohane,* 921 F.2d 476 (3d Cir. 1990); Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence, § 9(b)(4); *but see United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (stating

the 10th Circuit has never adopted *Barden*, nor extended its reasoning to a situation where a prisoner was already serving a state sentence when federal sentence received, and federal sentence was expressly ordered to run consecutive to prior sentences). A *nunc pro tunc* designation, like any other designation, is made in accordance with § 3621(b). *See Heddings v. Garcia,* 491 F. App'x 896, 899-900 (10th Cir. 2012).

Section 3621(b) requires the BOP to consider five factors before designating a prisoner's place of imprisonment:

>   (1) the resources of the facility contemplated;
>
>   (2) the nature and circumstances of the offense;
>
>   (3) the history and characteristics of the prisoner;
>
>   (4) any statement by the court that imposed the sentence-
>
>>       (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>>       (B) recommending a type of penal or correctional facility as appropriate; and
>
>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In Mr. Kimbrough's case, the BOP refused *nunc pro tunc* designation of the state prison. The BOP "typically enjoys broad discretion in analyzing *nunc pro tunc* requests in the first instance." *Mangum v. Hallembaek*, 910 F.3d 770, 779 (4th Cir. 2018). Therefore, the BOP's *nunc pro tunc* designation denial is reviewed for abuse of the agency's substantial discretion under 18 U.S.C. § 3621. *Arthur v. Moorehead*, 763 F. App'x 736, 739 (10th Cir. 2019); *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002), *abrogated on other grounds as recognized by United States v. Montes-Ruiz*, 745 F.3d 1286, 1290

(9th Cir. 2014); *McCarthy v. Doe*, 146 F. 3d 118, 123 n.4 (2ᵈ Cir. 1998); *Barden*, 921 F.2d at 478. The BOP's decision will be affirmed unless the Court has a "'definite and firm conviction' that the BOP 'exceeded the bounds of permissible choice in the circumstances.'" *Arthur*, 763 F. App'x at 739 (*quoting United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)).

While such retroactive designation would respect the intent of the state sentencing court that Petitioner serve one year concurrent with the federal sentence, it would be in conflict with the federal sentencing court's specified intent that the federal sentence run consecutive to the state sentence. *See Miller*, 594 F.3d at 1242–43 ("Allowing a *nunc pro tunc* designation here would void the district court's valid sentence and undermine the court's statutory authority under 18 U.S.C. § 3584(a)."). Neither the federal sentencing court nor the BOP were required to effectuate the state court's sentence. *Taylor*, 284 F.3d at 1150 (holding that BOP was under no obligation to follow a state sentence that was ordered to run concurrently with a pre-existing federal sentence where the federal sentencing judge expressed that concurrent sentences would not be consistent with the goals of the criminal justice system); *cf. United States v. Blaylock*, No. 07-CR-00454-PJH-1, 2018 WL 4308586, at *2 (N.D. Cal. Sept. 10, 2018) (recommending the BOP retroactively designate the state penal institution for service of portion of prisoner's federal sentence where federal sentencing court did not specify sentences should be consecutive).

The record reflects that the BOP complied with its policies and procedures in making the decision to deny Petitioner's request for retroactive designation, which provide that the BOP will make a concurrent sentence designation "only when consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Federal BOP Program Statement 5160.05 §8. "The federal BOP's agency guidelines don't permit it to designate a prisoner *nunc pro tunc* 'where the federal court has ordered that the federal sentence run consecutive to the earlier

state sentence.'" *Finerson v. Bureau of Prisons*, 749 F. App'x 681, 683 (10th Cir. 2018) (*quoting Miller*, 594 F.3d at 1242–43). Section 9(b)(4)(f) provides, "The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)." Federal BOP Program Statement 5160.05 §9(b)(4)(f). The BOP accurately summarized the facts of Mr. Kimbrough's circumstance and found that "the [federal] sentencing court's intent is clear that these terms were to be served consecutively and therefore, were not eligible for review for a concurrent designation." ECF No. 1-1, at 2. In light of these facts, Mr. Kimbrough cannot demonstrate that the BOP "exceeded the bounds of permissible choice" in refusing his request that one year of his federal sentence run concurrently with his state sentence. *See Arthur*, 763 F. App'x at 739 ; *see also Rickman v. Maye*, 196 F. Supp. 3d 1197, 1199–200 (D. Kan. 2016) (*citing see Heddings*, 491 F. App'x at 899 (affirming district court's denial of § 2241 petition based on BOP's refusal to grant retroactive concurrent designation; BOP properly applied statutory factors to its decision, including reliance on federal sentencing court's post-judgment statement of intent)); *Humphreys v. Warden*, 699 F. App'x 854, 860 (11th Cir. 2017) ("Given that the BOP followed its policies and procedures, and because Petitioner has not provided any evidence to the contrary, we conclude that the BOP acted within its discretionary authority in denying Petitioner's request for retroactive designation.").

Petitioner argues that the Full Faith and Credit Clause of the United States Constitution requires the federal court to follow the state court's sentencing order. However, the Virginia state court's direction that one year of Mr. Kimbrough's state sentence run concurrent with his federal sentence is not binding on the federal courts or the BOP. The Full Faith and Credit Clause requires

that credit "be given in each State to the public Acts, Records and judicial and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. *See also* 28 U.S.C. § 1738. "In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for 'the administration of [its own] criminal justice syste[m].'" *Setser*, 566 U.S. at 241 (*quoting Ice*, 555 U.S. at 170) (alterations in original). "If a prisoner . . . starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody." *Id.*

Thus, while "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. 2005). "[N]either the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." *Barden*, 921 F.2d at 478 n.4 (*citing* U.S. Const., art. VI, cl. 2). *See also Hunter v. Tamez*, 662 F.3d 427, 430-431 (5th Cir. 2010) (rejecting the argument that "the principles of federalism and comity between the state and federal government as dual sovereigns require the BOP to give effect to the state sentencing court's direction that [a prisoner's] term of imprisonment on his state conviction run concurrently with his already-imposed term of imprisonment on his federal conviction."). In summary, Petitioner's argument is without merit because the federal government has the right to administer its own criminal justice system independent of the system operated by the state of Virginia.

Petitioner also argues his plea agreement was breached and his due process rights violated as a result. First, the assertion of a breach of a plea agreement is considered to be a challenge to the validity of his conviction. As such, it is not properly raised in a § 2241 proceeding. *See United*

States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) ("A challenge to the propriety of the federal conviction or sentence itself—such as whether [Petitioner] was misled when he pleaded guilty or whether the sentence violated the plea bargain—must proceed under § 2255, not § 2241."); *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (appropriate remedy for petitioner asserting failure to treat sentence as concurrent constituted breach of his plea agreement is under § 2255, not § 2241).

Moreover, a plea agreement generally requires the prosecutor to recommend a particular sentence to the court in exchange for the defendant's plea. The sentencing court is not a party to a plea agreement. Therefore, it is not obligated to accept the recommendation. *See* Fed. R. Crim. P. 11(c)(1)(B). Nor is the BOP a party to a plea agreement or otherwise obligated to exercise its discretion to effectuate a prosecutor's sentencing recommendation.

## IV. CONCLUSION

The Court is satisfied that the BOP did not abuse its discretion in denying Petitioner's *nunc pro tunc* request and, therefore, must dismiss the petition for habeas corpus relief. In reaching this conclusion, the Court is not without sympathy for Petitioner's situation. However, the dispositive issue is not whether Petitioner's detention for a year longer than he anticipated is wrongful in some moral or equitable sense, but whether "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The Court finds that he is not.

**IT IS THEREFORE ORDERED BY THE COURT** that the petition for habeas corpus is **denied.**

**IT IS SO ORDERED**.

**D**ated this 27th day of January, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE